IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EASA BEGZAD,

              Plaintiff,

    v.

KENNETH HEDRICK and KEITH BRYAN,

              Defendants.

NO. C03-2163 TEH

ORDER RE: MOTIONS IN LIMINE

After carefully considering the parties' written arguments and finding oral argument to be unnecessary, the Court hereby rules on the parties' motions in limine as follows:

**Plaintiff's Motion to Exclude Expert Testimony on Probable Cause by Dr. Freed**

Plaintiff argues that Defendants' proposed expert, Dr. Roger Freed, is not qualified to testify on probable cause because he lacks police training. Plaintiff further argues that Dr. Freed's testimony on probable cause would be cumulative of testimony from Defendants' other proposed expert, Don Cameron, and that allowing two experts to testify on probable cause would be unfairly prejudicial. The Court rejects both arguments. First, Dr. Freed is a board-certified psychiatrist with experience in applying California Welfare and Institutions Code section 5150, the code section under which Defendants detained Plaintiff. Thus, his lack of training as a police officer does not preclude him from giving expert testimony on probable cause in the 5150 context. Second, although Defendants have designated both Dr. Freed and Mr. Cameron as experts, the Court does not find their anticipated testimony to be needlessly cumulative because they will offer testimony from different perspectives – Dr. Freed based on his medical background and Mr. Cameron based on his police training. Such testimony would also not unfairly prejudice Plaintiff, and the highly probative nature of Dr. Freed's anticipated

United States District Court

For the Northern District of California

1  testimony outweighs any prejudice Plaintiff may claim from having two experts testify on

2  probable cause.  Accordingly, Plaintiff's motion to exclude testimony by Dr. Freed is

3  DENIED.

4

5

**Plaintiff's Motion to Exclude Evidence Not Produced by Defendants Re: Witnesses**
6  **Carmen Gonzalez and Abdullah Alcozy**

7         Plaintiff seeks to exclude any evidence regarding Plaintiff's witnesses Carmen

8  Gonzalez and Abdullah Alcozy that Defendants failed to produce during discovery, claiming

9  unfair prejudice.  Defendants respond that they have produced all evidence on which they

10  intend to rely during their case in chief, and any undisclosed evidence relates only to possible

11  impeachment of the witnesses or rebuttal.  The Court finds it inappropriate to grant this motion

12  in advance of a concrete issue arising at trial.  Thus, this motion is DENIED without prejudice.

13  If Defendants attempt to introduce at trial any evidence that has not been disclosed during

14  discovery regarding witnesses Gonzalez and Alcozy, Plaintiff may renew his objection at that

15  time.  The Court cannot rule on evidentiary issues arising in the abstract, nor can the Court

16  determine in the abstract whether evidence should have been produced during discovery.

17

18

**Plaintiff's Motion to Exclude Evidence Re: Prior Lease Violations, Angry Telephone**
19  **Conversation, and Rumored Prior Suicide**

20         Plaintiff seeks to exclude any evidence regarding lease violations when Plaintiff rented

21  commercial property from Sherman and Sandy Balch, an angry telephone conversation Plaintiff

22  had with Sandy Fresno, and a rumor of a prior suicide at one of the Balches' properties.

23  Plaintiff argues that such evidence is irrelevant and, even if relevant, should be excluded

24  because it would cause unfair prejudice, confusion of the issues, and undue delay.  In addition,

25  Plaintiff argues that testimony by Fresno about an alleged prior suicide is also hearsay.

26  However, the Court agrees with Defendants that all of the disputed evidence is relevant as to

27  Plaintiff's and Fresno's state of mind, and that the rumored prior suicide would not be hearsay

28  because the statement would not be admitted for the truth of the matter asserted.  Such

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1   evidence may also be relevant as impeachment evidence if, as Defendants anticipate, Plaintiff

2   will testify that he was not in violation of his lease terms prior to the July 31, 2002

3   termination of the lease.  Lastly, the Court finds no merit to Plaintiff's argument that any of

4   the evidence would cause undue delay, prejudice, or confusion of the issues.  Accordingly,

5   Plaintiff's motion is DENIED.

6

7   **Plaintiff's Motion to Exclude Evidence Re: Prior Personal Injury or Disability Claims**

8           Plaintiff seeks to exclude evidence regarding any personal injury or disability claims

9   made in connection with a motor vehicle accident sixteen or seventeen years ago.  Defendants

10  purport to have opposed this motion, *see* Defs.' Opp'n to Mot. in Limine No. 4, but the text of

11  Defendants' opposition and accompanying declaration of Randolph Hom refers only to

12  Plaintiff's motion to exclude evidence regarding witnesses Gonzalez and Alcozy.  Thus,

13  Defendants have filed no opposition to the motion to exclude evidence regarding Plaintiff's

14  prior motor vehicle accident, and the Court therefore GRANTS the motion as unopposed.  The

15  Court further notes that such evidence appears to have no relevance to the present dispute.

16

17  **Plaintiff's Motion to Exclude Evidence Re: Address on Plaintiff's Driver's License**

18          Plaintiff listed the address of the commercial property leased to Plaintiff by the

19  Balches as his address on his driver's license.  Plaintiff contends that this evidence is

20  irrelevant.  Fresno, who worked for the Balches, testified in her deposition that she suspected

21  someone may have been using the commercial property as a residence, in violation of

22  Plaintiff's lease and zoning laws.  However, Fresno also testified that she did not confront

23  Begzad on this issue, and Defendants have pointed to no evidence that Fresno's suspicion had

24  anything to do with either the Balches' decision not to renew Begzad's lease or Fresno's

25  decision to call the police.  Thus, the Court agrees with Plaintiff that this evidence is irrelevant

26  and therefore GRANTS Plaintiff's motion, subject to the provision that the evidence may

27  become relevant, and therefore admissible, if introduced for purposes of impeachment – e.g.,

28

**United States District Court**
For the Northern District of California

1   if Plaintiff presents evidence that he did not live on the property or that he was not in violation

2   of any lease terms.

3

4   **Plaintiff's Motion to Exclude Evidence Re: Business Permits**

5          Plaintiff seeks to exclude as irrelevant any evidence regarding city or other government

6   permits that Plaintiff either failed to obtain or was late in obtaining.  Although the Court agrees

7   with Defendants that evidence regarding Plaintiff's lease is relevant, Defendants have cited no

8   evidence tying the lease to the timely acquisition of proper business permits.  Accordingly, the

9   Court GRANTS Plaintiff's motion.

10

11   **Defendants' Motion to Exclude Evidence Disclosed or Obtained After the Close of**

12   **Factual Discovery**

13          Defendants seek to exclude any evidence disclosed or obtained by Plaintiff after the

14   close of factual discovery on February 21, 2005, including: (1) depositions of Milton Lorig

15   and Heather Clague obtained on March 16 and 17, 2005, taken outside the presence of

16   Defendants' counsel; (2) four Schedule C forms from Plaintiff's 1999 through 2002 income

17   tax returns, produced on April 1, 2005; (3) medical bills, none of which were disclosed or

18   produced; and (4) photographs of the religious decor allegedly adorning Plaintiff's business

19   office that were not disclosed or produced.

20          In response, Plaintiff first argues that the depositions of Lorig and Clague were

21   authorized under the Health Insurance Portability and Accountability Act ("HIPAA")[1] and

22   Plaintiff therefore had no obligation to provide notice to or inform Defendants.  However,

23   even if Plaintiff did not have an obligation under HIPAA, Plaintiff did have an obligation under

24   this Court's orders to conclude factual discovery prior to February 21, 2005.  Plaintiff must

25   comply with both HIPAA and the Court's orders.  Because Plaintiff failed to complete and

26

27   _____

28          [1]Plaintiff continues to refer to this Act incorrectly as the Health Insurance Portability
    and *Privacy* Act.

4

1   produce transcripts of the depositions prior to the discovery cut-off, the Court GRANTS

2   Defendants' motion to exclude them from evidence.[2]

3          Next, Plaintiff argues that the Schedule C Forms were produced as soon as they became

4   available to Plaintiff.  At the pretrial conference, Plaintiff's counsel informed the Court that he

5   asked Plaintiff for Plaintiff's tax records in April 2004, but Plaintiff did not produce them to

6   counsel until nearly one year later.  The Court finds this year-long delay to be unreasonable,

7   and any diligent litigant would have responded to the document request sooner – and certainly

8   within the ten months between the request and the discovery cut-off.  Accordingly, the Court

9   GRANTS Defendants' motion to exclude from evidence the Schedule C forms and any

10  testimony, including expert testimony, based on those forms.

11         Third, Plaintiff admits that no medical bills were produced during discovery, or even

12  after discovery concluded.  Thus, the Court GRANTS Defendants' motion to exclude any

13  medical bills from evidence.

14         Fourth, Plaintiff does not respond to Defendants' motion to exclude photographs of

15  religious decor.  The Court therefore GRANTS Defendants' motion as unopposed and,

16  additionally, because such photos were not produced prior to the close of discovery.

17         Defendants also request the Court to bar any evidence regarding Plaintiff's loss of

18  earning or loss of earning capacity as irrelevant and not based on any evidence produced during

19  discovery.  However, Plaintiff counters that he will present evidence that his detention caused

20  his health to deteriorate and, as a result, he has been unable to work.  Thus, evidence regarding

21  Plaintiff's loss of earnings is not irrelevant.  The Court also cannot say whether any such

22  evidence was produced during discovery.  Consequently, the Court DENIES Defendants'

23  request to exclude all evidence of loss of earning or loss of earning capacity.  As noted above,

24  Plaintiff is barred from introducing the Schedule C forms or any testimony based on those

25  forms into evidence, but Plaintiff may introduce other evidence of loss of earnings or loss of

26  earning capacity provided that such evidence was produced prior to the discovery cut-off in this

27  case.

28
       [2]The Court need not and does not decide whether the depositions complied with HIPAA.

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    Finally, Defendants also seek to exclude from evidence medical records from

2   Dr. Bhunpinder Bhandari that make no reference to the 5150 detention or any injury relating to

3   the detention.  Defendants do not contend that these records were not produced during

4   discovery, and the Court construes Defendants motion as a motion to exclude these records

5   based on lack of relevance.  Plaintiff contends that Dr. Bhandari treated Plaintiff after the

6   detention that is the subject of this lawsuit, and that Dr. Bhandari can testify about Plaintiff's

7   deteriorating health, which will presumably be linked to the detention in some way, and

8   Plaintiff's inability to work.  Defendants did not submit copies of the produced records to this

9   Court, so the Court can make no determination as to whether the records reference the 5150

10   detention.  However, even if they do not, the records, along with Dr. Bhandari's testimony,

11   could still be linked to the incident by time, and such evidence is therefore not irrelevant.

12   Accordingly, the Court DENIES Defendants' motion to exclude documents or testimony from

13   Dr. Bhandari, provided that such documents were produced during discovery.

14

15   **Defendants' Motion to Exclude References to Use of Force or the City of Hayward**

16   Defendants seek to bar as irrelevant all mention of use of force or the City of Hayward.

17   While Defendants correctly observe that Plaintiff's excessive force claims and all claims

18   against the City of Hayward have been dismissed, that does not make the evidence in question

19   irrelevant.  For example, the amount of force used by Defendants could tend to support

20   Plaintiff's claim for discrimination.  Similarly, it is relevant that Defendants were acting in

21   their capacities as police officers employed by the City of Hayward.  In addition, Plaintiff

22   asserts that evidence on the amount of force may be introduced to impeach the officers'

23   testimony.  Defendants' motion is therefore DENIED as overbroad.  Plaintiff is advised,

24   however, that this ruling does not allow admission of all evidence that mentions use of force or

25   the City of Hayward; for instance, if evidence would only be relevant to a claim of municipal

26   liability, then that evidence will be barred as irrelevant because such a claim is no longer part

27   of this case.

28

6

**United States District Court**
For the Northern District of California

1  **Defendants' Motion to Exclude Specific Instances of Conduct**

2       Defendants seek to exclude evidence of prior specific instances of conduct by

3  Defendants or any other City of Hayward police officer on grounds that such evidence could

4  only be used improperly to attempt to show action in conformity therewith.  However,

5  Defendants assert that Plaintiff has not demonstrated the existence of any prior specific

6  incidents involving Defendants that would be relevant, and Plaintiff also does not identify any

7  such instances.  Instead, Plaintiff's opposition focuses only on evidence related to Plaintiff's

8  detention by Defendants, and Defendants do not oppose the admissibility of this evidence

9  except as to use of force, which the Court addressed above.  Accordingly, there is nothing for

10  this Court to exclude in terms of other prior instances of conduct, and the Court therefore

11  DENIES Defendants' motion as moot.  Defendants may renew their motion if Plaintiff

12  attempts to introduce at trial evidence of Defendants' prior conduct.

13

14  **IT IS SO ORDERED.**

15

16  DATED    08/12/05                              

17                           THELTON E. HENDERSON, JUDGE
                         UNITED STATES DISTRICT COURT

18

19

20

21

22

23

24

25

26

27

28