IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EASA BEGZAD,

        Plaintiff,

v.

KENNETH HEDRICK and KEITH BRYAN,

        Defendants.

NO. C03-2163 TEH

ORDER DENYING PLAINTIFF'S REQUEST TO AMEND WITNESS LIST AND ORDER RE: TRIAL PREPARATION

    The Court is in receipt of Plaintiff's request to add Dr. Roya Sakhai to the witness list and Defendants' opposition thereto. The Court agrees with Defendants that Plaintiff has failed to present good cause to re-open discovery, or to allow a previously undisclosed witness to testify, on the eve of trial. Trial is set to begin in this case on Tuesday, September 20, 2005, one week from the date of Plaintiff's request. Although Plaintiff speculates that Defendants would choose not to depose Dr. Sakhai, due process would require allowing Defendants the opportunity to depose a new witness. Moreover, Plaintiff had ample opportunity to begin seeing a mental health professional, or to retain expert testimony from such an individual, prior to the close of discovery. This is particularly true given that discovery did not close until earlier this year, and the events underlying this lawsuit occurred in 2002. Accordingly, with good cause appearing, Plaintiff's request is DENIED.

    In addition, to alleviate the concerns Defendants expressed in their September 14, 2005 letter regarding Plaintiff's request to bring a projector screen for use at trial, the Court explains that its order granting Plaintiff's request simply allows Plaintiff to bring the

equipment into the courtroom.[1]  It does not in any way mean that Plaintiff will be allowed to present images or display exhibits that were not timely lodged with this Court and provided to Defendants.  To ensure that Plaintiff does not present any inadmissible testimony or exhibits, IT IS HEREBY ORDERED that the parties shall meet and confer over the images that Plaintiff intends to project onto the screen at trial.  Any disputes shall be raised with the Court prior to jury selection on Tuesday, September 20, 2005.

Finally, the parties are advised that the Court does not anticipate taking the full trial day on September 20 to select the jury.  Consequently, the parties shall be prepared to give opening statements following jury selection, and Plaintiff shall be prepared to put on his first witnesses.

**IT IS SO ORDERED.**

DATED   09/15/05

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Plaintiff's request only included a "screen for the projector."  Presumably, Plaintiff will also need a projector.  If Plaintiff wishes to bring a projector into the courtroom, he must submit an appropriate proposed order for the Court's review and signature.